IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
THE COOPERATIVE DISTRICT      )
OF HOUSTON COUNTY-COUNTRY     )
CROSSING PROJECT, et al.,     )
                              )
    Plaintiff,                )
                              )       CIVIL ACTION NO.
    v.                        )         1:10cv49-MHT
                              )
JOHN TYSON, etc.,             )
                              )
    Defendant.                )
```

ORDER

Based on the representations made on the record on February 1, 2010, it is ORDERED that plaintiff Houston Economic Development Association's motion for a temporary restraining order (doc. no. 9) is denied.

(1) As to plaintiff Houston Economic Development Association's "procedural" due process claim, it appears that at this time both the association and defendant John Tyson have adequate remedies to vindicate their rights and concerns in an orderly and reasoned manner and without the "drama" that appears to have so far attended

this matter.  See McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994) (en banc).  The association can file a state-court civil action for review of the legality of the machines at issue, and Tyson can file a state-court civil action and obtain the immediate seizure of the machines by way of injunctive relief, if the state courts agree that his contentions are so strong as to entitle him to immediate relief.  The court hopes that the parties will pursue such orderly processes or something comparable to them.

(2) As to the association's Fourth Amendment claim, because the association bears the burden of proof and because the court cannot say on the current record whether a warrantless search would be impermissible for lack of probable cause that the machines at issue are illegal under the criteria set forth in Surles v. City of Ashville, ___ So.2d ___ (No. 1080826) (Ala. Jan. 29, 2010), and Barber v. Cornerstone Community Outreach, Inc., ___ So.2d ___ (No. 1080805) (Ala. Nov. 13, 2009),

2

immediate relief is not warranted from this federal court. In making this statement, the court should not be understood to hold that it is appropriate for this court, as a federal court, to make a determination of the machines' legality, which is, of course, an essentially state-law issue.

DONE, this the 1st day of February, 2010.


                     /s/ Myron H. Thompson
                     **UNITED STATES DISTRICT JUDGE**