IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| THE COOPERATIVE DISTRICT OF HOUSTON COUNTY-COUNTRY CROSSING PROJECT, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 1:10cv49-MHT |
| v. | ) ) | (WO) |
| JOHN TYSON, etc., | ) ) | |
| Defendant. | ) | |

OPINION

In this lawsuit, the plaintiffs allege that they are responsible, in various ways, for the "development" of "Country Crossing ... in Houston County, Alabama." Amended complaint at 2 (doc. no. 33). They charge that defendant John Tyson, "a special prosecutor who heads the Task Force on Illegal Gambling created by Governor [Bob] Riley[]," id., "unlawfully seeks ... to conduct the illegal confiscation and seizure of electronic bingo equipment from Country Crossing and [e]ffect the

cessation of lawful electronic bingo." Id. at 21. Now before the court is Tyson's motion to dismiss. The motion will be granted, and this case dismissed, albeit without prejudice.

The parties agree that, "On January 20, 2011, newly-elected Alabama Governor Dr. Robert Bentley issued Executive Order Number One, which abolished the Task Force on Illegal Gambling." Joint response at 2 (doc. no. 68). The parties further agree that, as a result, the Task Force no longer exists. Because the plaintiffs seek only injunctive relief in this case and because the Task Force, the entity which the plaintiffs claim violated their rights, no longer exists, this case is now moot.

The plaintiffs note, however, that, "As part of Executive Order Number One, Governor Bentley 'transferred all pending Task Force cases to the Attorney General's Office.'" Id. at 4. Presumably this case is one of the cases transferred. The plaintiffs then argue that,

2

because newly elected Alabama Attorney General Luther Strange "has not ruled out the possibility that he will engage in seizures and raids against Country Crossing," id., this case is not moot.  The plaintiffs, therefore, hinge the continued vitality of this case on not only a mere "possibility" of certain future action but on that future action by a state actor who is not before the court and whose office is not before the court either.  These circumstances are not sufficient to keep this case alive.  See, e.g., Fortson v. Toombs, 379 U.S. 621, 635 (1965) (declaring a case moot where there was a "mere speculative possibility" that the conduct at issue would be repeated); Allen-Bradley Local No. 1111, United Electrical, Radio and Machine Workers of America v. Wisconsin Employment Relations Board, 315 U.S. 740, 746 (1942) ("We deal, however, not with the theoretical disputes but with concrete and specific issues raised by actual cases.  Constitutional questions are not to be dealt with abstractly.  They will not be anticipated but
3

will be dealt with only as they are appropriately raised upon a record before us.  Nor will we assume in advance that a State will so construe its law as to bring it into conflict with the federal Constitution or an act of Congress.")  (internal citations omitted); cf. Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville, Fla., 508 U.S. 656, 673 (1993) (noting that a court should decline to hear a case "where a challenged statute is replaced with more narrowly drawn legislation pending [its] review," since "[t]he controversy with respect to the old statute is moot, because a declaration of its invalidity or an injunction against the law's future enforcement would not benefit the plaintiff," which would render the court's opinion advisory).

   The change here is not merely one person replacing another person in a government office, with the responsible government office remaining the same. See Fed.R.Civ.P. 25(d) ("An action does not abate when a

public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded.  The court may order substitution at any time, but the absence of such an order does not affect the substitution.").  General Strange and his office (at least, insofar as he now runs it) are both new to the issue of gambling in Alabama in the wake of the dissolution of the Task Force.  The plaintiffs can only speculate as to how General Strange and his office will address the issue and, in particular, how they will address the issue as it relates to Country Crossing.  If, in the future, General Strange should allegedly violate the plaintiffs' federal rights, that alleged violation should be the subject of another lawsuit, not this one.

An appropriate judgment will be entered.

DONE, this the 31st day of January, 2011.

                     /s/ Myron H. Thompson
                     **UNITED STATES DISTRICT JUDGE**